IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| AVIS RENT A CAR SYSTEM, LLC | : | Case No. |
| 6 SYLVAN WAY | : | |
| PARSIPPANY, NEW JERSEY 07054 | : | DISTRICT JUDGE |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| ABG CAR AND TRUCK RENTALS, LLC | : | |
| 5283 NIKE STATION WAY | : | |
| HILLIARD, OHIO 43026 | : | |
| | : | |
| and | : | |
| | : | |
| EFRAIN A. JARAMILLO, JR. | : | |
| 5169 WILDCAT FALLS DRIVE | : | |
| DUBLIN, OHIO 43016 | : | |
| | : | |
| and | : | |
| | : | |
| EVELYN POMARICO | : | |
| 5169 WILDCAT FALLS DRIVE | : | |
| DUBLIN, OHIO 43016 | : | |
| | : | |
| Defendants. | : | |

**COMPLAINT**
**(WITH JURY DEMAND ENDORSED HEREON)**

Plaintiff Avis Rent A Car System, LLC ("Plaintiff" or "Avis"), for its Complaint against the Defendants ABG Car and Truck Rentals, LLC ("Car Rentals"), Efrain A. Jaramillo, Jr. ("Jaramillo"), and Evelyn Pomarico ("Pomarico") (Car Rentals, Jaramillo, and Pomarico are hereinafter referred to collectively as "Defendants"), respectfully states as follows:

**NATURE OF THE SUIT**

1.     This is an action for attachment, conversion, breach of contract, unjust enrichment, tortious interference with contract, tortious interference with business relations, and

civil conspiracy under Ohio law based on Defendants' unlawful possession, retention, and conversion of $275,376.29 belonging to Avis and their related tortious interference with Avis's business interests. Avis seeks an injunction enjoining Defendants from continued wrongful detention of the funds and an order awarding Avis possession of the funds held unlawfully by Defendants. In addition, Avis seeks compensatory damages, punitive damages, and payment of Avis's costs and attorneys' fees incurred in bringing this action.

## PARTIES

2. Plaintiff Avis is a limited liability company existing under the laws of the State of Delaware with its principal place of business at 6 Sylvan Way, Parsippany, New Jersey, 07054.

3. Defendant Car Rentals is a limited liability company existing under the laws of the State of Ohio with its principal place of business in Hilliard, Ohio. "ABG" in "ABG Car and Truck Rentals" is believed to be an abbreviation for "Alpha Beta Group," as the entity is sometimes referred to by that name.

4. Defendant Jaramillo is an individual who, on information and belief, resides in and is domiciled in Dublin, Ohio, and is a citizen of the State of Ohio. Jaramillo is a member of Car Rentals.

5. Defendant Pomarico is an individual who, on information and belief, resides in and is domiciled in Dublin, Ohio, is a citizen of the State of Ohio, and is the wife of Jaramillo. On information and belief, Pomarico was at all relevant times a manager of, or the manager of, Car Rentals, and may have a membership interest in Car Rentals.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and is

between Plaintiff, which is a citizen of Delaware and New Jersey, and Defendants, who and which are citizens of Ohio.

7.    Defendant Car Rentals is subject to personal jurisdiction in this judicial district as it is an Ohio limited liability company with its principal place of business within the boundaries of the Southern District of Ohio.  In addition, Car Rentals breached its contract with Avis in Ohio and committed the pleaded tort claims in Ohio.

8.    Defendant Jaramillo is subject to personal jurisdiction in this judicial district because, on information and belief, he resides in and is domiciled in the State of Ohio and within the boundaries of the Southern District of Ohio.  In addition, Jaramillo caused the breach of Car Rental's contract with Avis in Ohio and committed the pleaded tort claims in or from Ohio.

9.    Defendant Pomarico is subject to personal jurisdiction in this judicial district because, on information and belief, she resides in and is domiciled in the State of Ohio and within the boundaries of the Southern District of Ohio.  In addition, Pomarico caused the breach of Car Rental's contract with Avis in Ohio and committed the pleaded tort claims in or from Ohio.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because (i) a substantial portion of the events giving rise to this action occurred in this judicial district; and/or (ii) Defendants do business, may be found, and are subject to personal jurisdiction, in this judicial district.

## FACTS COMMON TO ALL COUNTS

11.    Effective on or about May 8, 2016, Avis entered into a written contract with Car Rentals entitled an Independent Operator Agreement, wherein Avis agreed to provide Car Rentals a car rental facility out of which Car Rentals agreed to rent vehicles on behalf of Avis.

The Independent Operator Agreement included a Schedule A—Location/Commission Formula/Corporate Data, a Compensation Amendment, and an Operator Agreement Amendment (collectively, the "Contract").

12.     A true and correct copy of the Contract is attached hereto as Exhibit A.

13.     Jaramillo signed the Contract on July 27, 2016, listing his title as "Pres[ident]" of Car Rentals.  (*See* Ex. A.)

14.     The Car Rentals rental facility (the "Car Rentals Facility") was located at 5283 Nike Station Way, Hilliard, Ohio  43026.

15.     Both Jaramillo and Pomarico were involved in managing the operations of the Car Rentals Facility, with Pomarico handling a substantial portion of the accounting aspects of the business.

16.     Pursuant to the terms of the Contract, Car Rentals was to remit daily to Avis all money received from vehicle rentals.

17.     Pursuant to the terms of the Contract, Avis was to pay Car Rentals commission payments in consideration for rental of its vehicles, in accordance with the terms of the Contract.

18.     Specifically, Car Rentals was to receive a commission of 12% of the net total revenue (less certain deductions) derived from each rental, and 12% of refueling service revenue and prepaid gasoline.

19.     The Contract specifies that the commission payments were to be paid monthly, and were to be paid electronically via direct deposit into a bank account designated by Car Rentals.

20.     The Contract expressly states that no other commissions are due to Car Rentals.

21.     In the period between September 2016 and June 2017, Avis paid Car Rentals monthly commissions ranging from approximately $1,500 to $3,800.

22.     These commission payments were deposited directly into Car Rentals's specified bank account, per the terms of the Contract. Car Rentals directed that deposits be made into an account with SunTrust Bank (the "Car Rentals/SunTrust Account").

23.     Car Rentals's contractual commission payment due for the period ending June 30, 2017, was $1,978.88. Car Rentals was also due a separate amount of $1,844.23.

24.     Due to an accounting processing error, on or about July 18, 2017, Avis erroneously direct deposited $279,199.40 from its account with JPMorgan Chase into the Car Rentals/SunTrust Account.

25.     This totaled $275,376.29 more than the commission payment Defendant Car Rentals was due (the "Overpayment"). (Due to an accounting error, an additional $20 was also transferred to the Car Rentals/SunTrust Account.)

26.     According to Avis's bank records, the July 18 Overpayment transaction cleared the next day.

27.     After detecting the error, Avis made several attempts to contact Car Rentals, seeking return of the overpayment.

28.     On one such occasion, Chris Dale ("Dale"), Territory Performance Manager for Avis, contacted Pomarico, who was involved in the accounting aspects of Car Rentals, informed her of the error, and requested return of the Overpayment. Pomarico responded to the effect that she would talk to the "accountant" and get back to Dale. Pomarico never thereafter contacted Dale or anyone else at Avis about the Overpayment.

29.     On or about August 11, 2017, Avis contacted JPMorgan Chase (through which it had made the erroneous direct deposit) and attempted to reverse the transaction. However, the recall transaction was rejected due to insignificant funds in the Car Rentals/SunTrust Account.

30.     On August 15, 2017, Avis sent a letter to the Car Rentals Facility and Jaramillo's home, by overnight delivery and regular mail, reiterating that the July 2017 Overpayment transaction was in error; stating that Car Rentals, Jaramillo, and Pomarico had no legal right to retain the Overpayment; stating that, to date, they had refused to return the Overpayment; and demanding that Jaramillo contact Avis and immediately effectuate a return of the Overpayment.

31.     A true and correct copy of the August 15 letter with its enclosures is attached as Exhibit B.

32.     On or about August 17, 2017, Avis personnel visited the Car Rentals Facility and spoke with Justin Gelber, a Car Rentals employee.

33.     Gelber informed the Avis personnel that he had not seen or spoken with Jaramillo for a few weeks, and had not spoken with Pomarico for several days.  Gelber further informed Avis that all of Jaramillo's and Pomarico's personal property had been removed from the Car Rentals Facility several days before.

34.     While at the Car Rentals Facility, Avis personnel attempted to contact Jaramillo and Pomarico, but all calls were directed to voicemail, and Avis personnel were unable to leave messages as the mailboxes were full.

35.     Gelber also attempted to contact Jaramillo and Pomarico, but was also unsuccessful.  Gelber noted that Jaramillo's and Pomarico's unresponsiveness was unusual and uncharacteristic of them both.

36.     As of the filing of this Complaint, no portion of the Overpayment has been returned to Avis by anyone, including Car Rentals, Jaramillo, and Pomarico.

37.     Car Rentals, Jaramillo, and Pomarico have no legal right to the Overpayment but continue to retain it.

38.     Upon information and belief, some portion of the Overpayment remains in the Car Rentals/SunTrust Account, over which Car Rentals, Jaramillo, and Pomarico have possession or control.

39.     There exists a present danger that the Overpayment funds will be withdrawn from the Car Rentals/SunTrust Account and/or spent or otherwise disposed of.  In fact, on information and belief, certain of the funds have already been withdrawn from the Car Rentals/SunTrust Account.

40.     Avis will sustain irreparable harm if Defendants are not enjoined from use and/or enjoyment of the Overpayment funds.

## COUNT I
**(Attachment Pursuant to Ohio Rev. Code § 2715.01 *et seq*. – As to All Defendants)**

41.     Avis incorporates Paragraphs 1-40 as if fully stated herein.

42.     Avis is the sole legal owner of the Overpayment funds.

43.     Defendants have no right, title, or interest in the Overpayment funds.

44.     Upon information and belief, given the Defendants' conduct in removing their personal effects and not appearing at work for an extended period of time, and given that the balance in the Car Rentals/SunTrust Account is inadequate to restore the Overpayment, the Defendants are about to remove property (the Overpayment), in whole or part, out of the jurisdiction of the court, with the intent to defraud Avis.

45.     Upon information and belief, given the Defendants' conduct in removing their personal effects and not appearing at work for an extended period of time, and given that the balance in the Car Rentals/SunTrust Account is inadequate to restore the Overpayment, the Defendants are about to convert property (the Overpayment), in whole or part, into money, for the purpose of placing it beyond the reach of Avis.

46.     Upon information and belief, given the Defendants' conduct in removing their personal effects and not appearing at work for an extended period of time, and given that the balance in the Car Rentals/SunTrust Account is inadequate to restore the Overpayment, the Defendants have assigned, removed, disposed of, or are about to dispose of, property, in whole or part, with the intent to defraud Avis.

47.     As a direct and proximate result of Defendants' actions, Avis has suffered and will continue to suffer irreparable harm and injuries unless enjoined and restrained by the Court.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants ABG Car and Truck Rentals, LLC, Efrain A. Jaramillo, Jr., and Evelyn Pomarico, as follows:

A.     That this Court enter a judgment finding that (a) Avis is the sole legal and rightful owner of the Overpayment funds as described herein, and (b) Defendants have wrongfully maintained possession of the Overpayment funds with the intent to defraud Avis or place the funds beyond the reach of Avis;

B.     That this Court enter a mandatory temporary restraining order and preliminary injunction restraining and enjoining Defendants from moving, disposing of, concealing, or otherwise impairing the value of the Overpayment funds until the Court determines which party has the right to possession of it;

8

C.     That this Court enter a permanent injunction that enjoins Defendants from the continued wrongful possession of the Overpayment funds and which requires Defendants to return the Overpayment funds to Avis;

D.     That this Court issue an order pursuant to Ohio Rev. Code § 2715.01 et seq. attaching, without notice, the Car Rentals/SunTrust Account owned by and now in the possession of Defendants;

E.     That this Court order Defendants to pay Avis its costs and expenses incurred in and related to this action; and

F.     That this Court award such other further relief as this Court deems just and proper under the circumstances.

## COUNT II
### (Conversion – As to All Defendants)

48.     Avis incorporates Paragraphs 1-47 as if fully stated herein.

49.     Avis was at all relevant times the owner with the right of possession of the Overpayment funds.

50.     Defendants are aware that they were not entitled to possession of the Overpayment funds.

51.     Defendants have converted the Overpayment funds for their own use by refusing to return the Overpayment funds and by, on information and belief, withdrawing all or a portion of the funds from the Car Rentals/SunTrust Account and converting and using such funds for their own personal use.

52.     By Defendants' refusal to return the funds and by withdrawing all or a portion of the funds and using such funds for personal purposes, Avis has sustained damages in the amount of the Overpayment.

53. Defendants' conduct in not returning the Overpayment and by converting such funds to their own uses was willful, wanton, and malicious, and thus, Avis is entitled to an award of punitive damages.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants ABG Car and Truck Rentals, LLC, Efrain A. Jaramillo, Jr., and Evelyn Pomarico, as follows:

A. That this Court enter a judgment finding that (a) Avis is the sole legal and rightful owner of the Overpayment funds as described herein, (b) Defendants have wrongfully maintained possession of the Overpayment funds, and (c) Defendants have improperly converted the Overpayment funds;

B. That this Court enter a mandatory temporary restraining order and preliminary injunction restraining and enjoining Defendants from moving, disposing of, concealing, or otherwise impairing the value of the Overpayment funds until the Court determines which party has the right to possession of it;

C. That this Court enter a permanent injunction that enjoins Defendants from the continued wrongful possession of the Overpayment funds and which requires Defendants to return the Overpayment funds to Avis;

D. That this Court order Defendants to pay to Avis such damages as Avis has sustained as a result of Defendants' conversion of the Overpayment funds;

E. That this Court award to Avis punitive damages for Defendants' willful and wrongful conduct;

F. That this Court order Defendants to pay Avis its costs and expenses incurred in and related to this action; and

G.     That this Court award such other further relief as this Court deems just and proper under the circumstances.

**COUNT III**
**(Breach of Contract – As to Defendant Car Rentals)**

54.     Avis incorporates Paragraphs 1-47 as if fully stated herein.

55.     Count III (breach of contract) is pleaded in the alternative to Count II (conversion) and Count IV (unjust enrichment).

56.     Avis and Defendant Car Rentals entered into a lawful written contract in which Avis agreed to pay Car Rentals a commission as set forth in the Contract in consideration for Car Rentals's agreement to rent vehicles for Avis.

57.     Avis fulfilled its obligations under the Contract by, *inter alia*, making all required commission payments up to and including the date of breach by Defendant Car Rentals.

58.     Car Rentals's refusal to return the July 2017 Overpayment was a breach of the Contract and a breach of the implied covenant of good faith and fair dealing.

59.     As a result of Car Rentals's refusal to return the Overpayment funds, Avis has been damaged in the amount of the Overpayment.

60.     Also as a result of Car Rentals's refusal to return the Overpayment funds, Avis has been forced to incur substantial costs and attorneys fees in seeking return of the Overpayment from Defendants, including in the prosecution of this lawsuit, which are damages recoverable under Paragraph 10 of the Contract.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendant ABG Car and Truck Rentals, LLC as follows:

A.     That this Court enter a judgment finding that (a) Avis is the sole legal and rightful owner of the Overpayment funds as described herein, (b) Defendant Car Rentals

11

wrongfully maintained possession of the Overpayment funds, and (c) Defendant Car Rentals breached its contract with Avis by retaining and converting to its own uses the Overpayment funds;

B.      That this Court enter a mandatory temporary restraining order and preliminary injunction restraining and enjoining Defendant Car Rentals from moving, disposing of, concealing, or otherwise impairing the value of the Overpayment funds until the Court determines which party has the right to possession of it;

C.      That this Court enter a permanent injunction that enjoins Defendant Car Rentals from the continued wrongful possession of the Overpayment funds and which requires Defendant Car Rentals to return the Overpayment funds to Avis;

D.      That this Court order Defendants to pay to Avis such damages as Avis has sustained as a result of Defendant Car Rentals's breach of contract;

E.      That this Court order Defendant Car Rentals to pay Avis's attorneys' fees, pursuant to the Contract;

F.      That this Court order Defendant Car Rentals to pay Avis its costs and expenses incurred in and related to this action; and

G.      That this Court award such other further relief as this Court deems just and proper under the circumstances.

## COUNT IV
### (Unjust Enrichment – As to All Defendants)

61.      Avis incorporates Paragraphs 1-10, 14-15, and 24-53 as if fully stated herein.

62.      Count IV (unjust enrichment) is pleaded in the alternative to Count III (breach of contract).

63.     Avis conferred a benefit on Defendants by erroneously depositing the Overpayment funds into Car Rentals's Bank Account.

64.     Defendants are aware of the benefit as they have, on information and belief, withdrawn and/or otherwise spent or disposed of certain of the Overpayment funds for their own benefit and use.

65.     Retention of the Overpayment funds by Defendants would be unjust, as the deposit of the Overpayment funds into the Car Rentals/SunTrust Account was in error.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants ABG Car and Truck Rentals, LLC, Efrain A. Jaramillo, Jr., and Evelyn Pomarico, as follows:

A.     That this Court enter a judgment finding that (a) Avis is the sole legal and rightful owner of the Overpayment funds as described herein, (b) Defendants have wrongfully maintained possession of the Overpayment funds, and (c) Defendants have been unjustly enriched in the amount of the Overpayment funds;

B.     That this Court enter a mandatory temporary restraining order and preliminary injunction restraining and enjoining Defendants from moving, disposing of, concealing, or otherwise impairing the value of the Overpayment funds until the Court determines which party has the right to possession of it;

C.     That this Court enter a permanent injunction that enjoins Defendants from the continued wrongful possession of the Overpayment funds and which requires Defendants to return the Overpayment funds to Avis;

D.     That this Court impose a constructive trust over the Car Rentals/SunTrust Account and other assets within the Defendants' possession for the benefit of

Avis until such time as Avis has been made whole pursuant to the relief requested herein;

E.    That this Court order Defendants to pay to Avis such damages as Avis has sustained as a result of the unjust enrichment of Defendants by their possession of the Overpayment funds;

F.    That this Court order Defendants to pay Avis its costs and expenses incurred in and related to this action; and

G.    That this Court award such other further relief as this Court deems just and proper under the circumstances.

**COUNT V**
**(Tortious Interference with Contract –**
**As to Defendants Jaramillo and Pomarico)**

66.    Avis incorporates Paragraphs 1-47, 54-60 as if fully stated herein.

67.    The Contract constituted an enforceable contract between Avis and Car Rentals.

68.    Jaramillo and Pomarico had knowledge of the existence of (and the terms of) the Contract.

69.    Car Rentals breached its contractual obligations to Avis, as alleged in Count III above.

70.    Jaramillo and Pomarico intentionally and unjustifiably induced or caused Car Rentals's breach of the Contract.

71.    Jaramillo and Pomarico acted with malice in inducing Car Rentals's breach.

72.    Car Rentals's breach of the Contract caused Avis damages in the forms and amounts alleged in Count III above.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants Efrain A. Jaramillo, Jr. and Evelyn Pomarico, as follows:

A. That this Court enter a judgment finding that Defendants Jaramillo and Pomarico tortiously interfered with Avis's contract with Defendant Car Rentals;

B. That this Court order Defendants Jaramillo and Pomarico to pay to Avis such damages as Avis has sustained as a result of the breach of Avis's contract with Defendant Car Rentals;

C. That this Court order Defendants Jaramillo and Pomarico to pay to Avis such damages as Avis has sustained as a result of the premature termination of Avis's contract with Defendant Car Rentals;

D. That this Court award to Avis punitive damages for Defendant Jaramillo's and Pomarico's willful and wrongful conduct;

E. That this Court order Defendants Jaramillo and Pomarico to pay Avis its costs and expenses incurred in and related to this action; and

F. That this Court award such other further relief as this Court deems just and proper under the circumstances.

## COUNT VI
### (Tortious Interference with Business Relations – As to Defendants Jaramillo and Pomarico)

73. Avis incorporates Paragraphs 1-47, 54-60, 66-72 as if fully stated herein.

74. Avis had an ongoing business relationship with Car Rentals in 2016 and 2017.

75. Avis had a reasonable expectation that such business relationship with Car Rentals would continue.

15

76.     Jaramillo and Pomarico had knowledge of the existence of Avis's business relationship with Car Rentals.

77.     Jaramillo and Pomarico intentionally and unjustifiably induced or caused Car Rentals to take actions that disrupted and then terminated Avis's reasonable business expectancies with Car Rentals.

78.     Jaramillo and Pomarico acted with malice in interfering with Avis's reasonable business expectancies with Car Rentals.

79.     Jaramillo's and Pomarico's actions caused Avis damages, including financial loss in the amount of the Overpayment and in the loss of future revenue from the Car Rentals Facility.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants Efrain A. Jaramillo, Jr. and Evelyn Pomarico, as follows:

A.      That this Court enter a judgment finding that Defendants Jaramillo and Pomarico tortiously interfered with Avis's reasonable business expectancies with Defendant Car Rentals;

B.      That this Court order Defendants Jaramillo and Pomarico to pay to Avis such damages as Avis has sustained as a result of Jaramillo's and Pomarico's tortious interference with Avis's reasonable business expectancies with Defendant Car Rentals;

C.      That this Court order Defendants Jaramillo and Pomarico to pay to Avis such damages as Avis has sustained as a result of the premature termination of Avis's business relationship with Defendant Car Rentals;

D.    That this Court award to Avis punitive damages for Defendant Jaramillo's and Pomarico's willful and wrongful conduct;

E.    That this Court order Defendants Jaramillo and Pomarico to pay Avis its costs and expenses incurred in and related to this action; and

F.    That this Court award such other further relief as this Court deems just and proper under the circumstances.

**COUNT VII**
**(Civil Conspiracy / Collusion –**
**As to Defendants Jaramillo and Pomarico)**

80.    Avis incorporates Paragraphs 1-79 as if fully stated herein.

81.    Upon information and belief, Defendants Jaramillo and Pomarico maliciously combined to deprive Avis of the Overpayment, to convert the Overpayment funds to their own uses, and to tortiously interfere with to Avis's contract and business relationship with Car Rentals, as alleged in the tort counts above, namely Counts II (conversion), V (tortious interference with contract), and VI (tortious interference with business relations).

82.    Jaramillo's and Pomarico's malicious agreement and combination caused injury to Avis, as alleged in the tort counts above.

83.    Upon information and belief, Jaramillo and Pomarico each took an unlawful act independent of the conspiracy itself, including by taking one or more actions that would advance their common goal of depriving Avis of the Overpayment funds and using the Overpayment funds for their own purposes.

84.    By virtue of their conspiracy and collusion with one another, Jaramillo and Pomarico are each responsible for and liable for the actions of the other taken to advance the goal of their common agreement and conspiracy.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants Efrain A. Jaramillo, Jr. and Evelyn Pomarico, as follows:

A.      That this Court enter a judgment finding that Defendants Jaramillo and Pomarico engaged in a civil conspiracy to harm Avis's lawful interests;

B.      That this Court order Defendants Jaramillo and Pomarico to pay to Avis such damages as Avis has sustained as a result of Jaramillo's and Pomarico's civil conspiracy;

C.      That this Court award to Avis punitive damages for Defendant Jaramillo's and Pomarico's willful and wrongful conduct;

D.      That this Court order Defendants Jaramillo and Pomarico to pay Avis its costs and expenses incurred in and related to this action;

E.      That this Court order that Defendants Jaramillo and Pomarico are jointly and severally liable for any judgment rendered against either of them; and

F.      That this Court award such other further relief as this Court deems just and proper under the circumstances.

Dated: August 31, 2017               Respectfully submitted,

By: *s/ Daniel J. Gentry*
     Daniel J. Gentry (0065283)
     COOLIDGE WALL CO., L.P.A.
     33 W. First Street, Suite 600
     Dayton, OH 45402
     Phone: 937-223-8177
     Fax:    937-223-6705
     E-mail: gentry@coollaw.com

     *Trial Attorney for Plaintiff*
     *Avis Rent A Car System, LLC*

OF COUNSEL:

Christian Poland (to be admitted pro hac vice)
Bryan Cave LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
Phone: 312-602-5000
Fax:      312-698-7485
E-mail: christian.poland@bryancave.com

## <u>CERTIFICATE OF SERVICE</u>

  The undersigned hereby certifies that on the 31st day of August 2017, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's E-filing system and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent.  Parties may access the filing through the Court's system.

*s/ Daniel J. Gentry*

Daniel J. Gentry

w:\wdox\client\000178\00100\00898426.docx