IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AVIS RENT A CAR SYSTEM, LLC | : | Case No. 2:17-cv-00776 |
| | : | |
| Plaintiff, | : | Judge Michael H. Watson |
| | : | Magistrate Judge Chelsey A. Vascura |
| vs. | : | |
| | : | |
| ABG CAR AND TRUCK RENTALS, LLC | : | |
| | : | |
| and | : | |
| | : | |
| SOLUTIONS CONTRACTOR, INC. | : | |
| | : | |
| and | : | |
| | : | |
| EFRAIN A. JARAMILLO, JR. | : | |
| | : | |
| and | : | |
| | : | |
| EVELYN POMARICO | : | |
| | : | |
| Defendants. | : | |

**FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 15(a)(1)**
**(New Party Defendant Solutions Contractor, Inc.)**

Plaintiff Avis Rent A Car System, LLC ("Plaintiff" or "Avis"), for its First Amended

Complaint against the Defendants ABG Car and Truck Rentals, LLC ("Car Rentals"), Solutions

Contractor, Inc. ("Solutions Contractor"), Efrain A. Jaramillo, Jr. ("Jaramillo"), and Evelyn

Pomarico ("Pomarico") (Car Rentals, Solutions Contractor, Jaramillo, and Pomarico are

hereinafter referred to collectively as "Defendants"), respectfully states as follows:

**NATURE OF THE SUIT**

1.     This is an action for attachment, civil theft, conversion, breach of contract, unjust

enrichment, tortious interference with contract, tortious interference with business relations, and

civil conspiracy under Ohio law based on Defendants' unlawful possession, retention, and

conversion of $275,376.29 belonging to Avis and their related tortious interference with Avis's business interests. Avis seeks an order awarding Avis possession of the funds held unlawfully by Defendants, and an order attaching the assets of Defendants located within this State sufficient to satisfy Avis's claims. In addition, Avis seeks compensatory damages, punitive damages, and payment of Avis's costs and attorneys' fees incurred in bringing this action.

**PARTIES**

2. Plaintiff Avis is a limited liability company existing under the laws of the State of Delaware with its principal place of business at 6 Sylvan Way, Parsippany, New Jersey, 07054. Avis is an indirect wholly-owned subsidiary of Avis Budget Group, Inc., which is a corporation organized under the laws of the State of Delaware with its principal place of business in New Jersey. Accordingly, Avis is a citizen of the states of Delaware and New Jersey.

3. Defendant Jaramillo is an individual who resides in and is domiciled in Dublin, Ohio, and is accordingly a citizen of the State of Ohio.

4. Defendant Pomarico is an individual who resides in and is domiciled in Dublin, Ohio, and is accordingly a citizen of the State of Ohio. Pomarico is the wife of Jaramillo. On information and belief, Pomarico at all relevant times held a formal or informal managerial role with Car Rentals.

5. Defendant Car Rentals is a limited liability company existing under the laws of the State of Ohio with its principal place of business in Hilliard, Ohio. "ABG" in "ABG Car and Truck Rentals" is believed to be an abbreviation for "Alpha Beta Group," as the entity is sometimes referred to by that name. Defendant Jaramillo is the sole member of Car Rentals, and Car Rentals is accordingly a citizen of the State of Ohio.

6.     Car Rentals was an independent operator of an Avis car rental facility operated in Hilliard, Ohio.

7.     On information and belief, at all relevant times Car Rentals had no employees, no directors or officers, held no annual meetings, and maintained no company record books. Jaramillo and Pomarico dominated Car Rentals to such an extent that it had no separate mind, will, or existence of its own.

8.     Defendant Solutions Contractor is a corporation existing under the laws of the State of Ohio with its principal place of business in Hilliard, Ohio, and is accordingly a citizen of the State of Ohio. Jaramillo is the sole owner of Solutions Contractor.

9.     Solutions Contractor is an installations fulfillment company for cable installations and telecommunications.

10.    On information and belief, at all relevant times Solutions Contractor had no employees, no directors or officers, held no annual meetings, and maintained no corporate record books. Jaramillo and Pomarico dominated Solutions Contractor to such an extent that it had no separate mind, will, or existence of its own.

**JURISDICTION AND VENUE**

11.    This Court has original jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between Plaintiff, which is a citizen of Delaware and New Jersey, and Defendants, who and which are citizens of Ohio.

12.    Defendant Car Rentals is subject to personal jurisdiction in this judicial district as it is an Ohio limited liability company with its principal place of business within the boundaries

of the Southern District of Ohio. In addition, Car Rentals breached its contract with Avis in Ohio and committed the pleaded tort claims in Ohio.

13.     Defendant Solutions Contractor, Inc. is subject to personal jurisdiction in this judicial district as it is organized under the laws of the State of Ohio with its principal place of business within the boundaries of the Southern District of Ohio.

14.     Defendant Jaramillo is subject to personal jurisdiction in this judicial district because he resides in and is domiciled in the State of Ohio and within the boundaries of the Southern District of Ohio. In addition, Jaramillo caused the breach of Car Rentals's contract with Avis in Ohio and committed the pleaded tort claims in or from Ohio.

15.     Defendant Pomarico is subject to personal jurisdiction in this judicial district because she resides in and is domiciled in the State of Ohio and within the boundaries of the Southern District of Ohio. In addition, Pomarico caused the breach of Car Rentals's contract with Avis in Ohio and committed the pleaded tort claims in or from Ohio.

16.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because (i) a substantial portion of the events giving rise to this action occurred in this judicial district; and/or (ii) Defendants do business, may be found, and are subject to personal jurisdiction, in this judicial district.

## FACTS COMMON TO ALL COUNTS

17.     Effective on or about May 8, 2016, Avis entered into a written contract with Car Rentals entitled an Independent Operator Agreement, wherein Avis agreed to provide Car Rentals a car rental facility out of which Car Rentals agreed to rent vehicles on behalf of Avis. The Independent Operator Agreement included a Schedule A—Location/Commission

Formula/Corporate Data, a Compensation Amendment, and an Operator Agreement Amendment (collectively, the "Contract").

18.     A true and correct copy of the Contract is attached hereto as **Exhibit A**.

19.     Jaramillo signed the Contract on July 27, 2016, listing his title as "Pres[ident]" of Car Rentals. (*See* Ex. A.)

20.     The Car Rentals rental facility (the "Car Rentals Facility") was located at 5283 Nike Station Way, Hilliard, Ohio 43026.

21.     Jaramillo at all relevant times was the sole member/owner of Car Rentals, while Pomarico was involved in managing the operations of the Car Rentals Facility.

22.     Pursuant to the terms of the Contract, Car Rentals was to remit daily to Avis all money received from vehicle rentals.

23.     Pursuant to the terms of the Contract, Avis was to pay Car Rentals commission payments in consideration for rental of its vehicles, in accordance with the terms of the Contract.

24.     Specifically, Car Rentals was to receive a commission of 12% of the net total revenue (less certain deductions) derived from each rental, and 12% of refueling service revenue and prepaid gasoline.

25.     The Contract specifies that the commission payments were to be paid monthly, and were to be paid electronically via direct deposit into a bank account designated by Car Rentals.

26.     The Contract expressly states that no other commissions are due to Car Rentals.

27.     In the period between September 2016 and June 2017, Avis paid Car Rentals monthly commissions ranging from approximately $1,500 to $3,800.

28.     These commission payments were direct deposited into Car Rentals's specified bank account, per the terms of the Contract. Car Rentals directed that deposits be made into an account with SunTrust Bank (the "Solutions Contractor/SunTrust Payroll Account").

29.     The Solutions Contractor/SunTrust Payroll Account was at all relevant times held in the name of Solutions Contractor.

30.     Jaramillo and Pomarico at all relevant times were the only individuals with check-writing authority for the Solutions Contractor/SunTrust Payroll Account.

31.     Car Rentals's contractual commission payment due for the period ending June 30, 2017, was $1,978.88. Car Rentals was also due a separate amount of $1,844.23.

32.     Due to an accounting processing error, on or about July 18, 2017, Avis erroneously direct deposited $279,199.40 from its account with JPMorgan Chase into the Solutions Contractor/SunTrust Payroll Account.

33.     This totaled $275,376.29 more than the commission payment Car Rentals was due (the "Overpayment"). (Due to an accounting error, an additional $20 was also transferred to the Solutions Contractor/SunTrust Payroll Account.)

34.     The July 18 Overpayment transaction cleared on July 19, 2017.

35.     At all relevant times, Avis was and remained the owner of the Overpayment amount.

36.     Prior to July 18, 2017, Avis had paid Car Rentals all commissions due and owing under the terms of the Contract.

37.     On July 19, 2017, Jaramillo and/or Pomarico transferred $280,000 from the Solutions Contractor/SunTrust Payroll Account into a separate SunTrust Bank account held in the name of Solutions Contractor (the "Solutions Contractor/SunTrust Expense Account").

38.     Jaramillo and Pomarico at all relevant times were the only individuals with check-writing authority for the Solutions Contractor/SunTrust Expense Account. Jaramillo and Pomarico utilized their control over Car Rentals and Solutions Contractor to commit an illegal act, a wrong, or other dishonest or unjust acts against Avis, including, without limitation, taking the Overpayment and applying it for their own benefit, denying Avis the use of the Overpayment, and/or transferring the Overpayment to personal accounts with insufficient consideration or justification so as to create a fraudulent transfer or with the intent to hinder, delay or defraud creditors, such as Avis.

39.     The account balance in the Solutions Contractor/SunTrust Expense Account on or about July 1, 2017, was $1,910.81.

40.     The account balance in the Solutions Contractor/SunTrust Expense Account on or about July 31, 2017, was $54,612.18.

41.     In the period between July 1, 2017 and July 31, 2017, a total of $288,557.70 was deposited into the Solutions Contractor/SunTrust Expense Account.

42.     On or about July 19, 2017, Jaramillo and/or Pomarico transferred over $60,000 from the Solutions Contractor/SunTrust Expense Account into a separate SunTrust Bank account held in the name of Solutions Contractor (the "Solutions Contractor/SunTrust Operating Account").

43.     Jaramillo and Pomarico at all relevant times were the only individuals with check-writing authority for the Solutions Contractor/SunTrust Operating Account.

44.     At all relevant times, no automatic payments or transfers were in place under the Solutions Contractor/SunTrust Payroll Account, the Solutions Contractor/SunTrust Expense Account, or the Solutions Contractor/SunTrust Operating Account.

45.     On information and belief, on or around July 24, 2017, Jaramillo and/or Pomarico opened a money market account with Huntington Bank, N.A. (the "Huntington Bank Account"), at a Huntington Bank branch located within the State of Ohio.

46.     On information and belief, the Huntington Bank Account was opened in the name of Jaramillo and Pomarico.

47.     On or about July 24, 2017, Jaramillo and/or Pomarico withdrew by check a total of $121,000 from the Solutions Contractor/SunTrust Expense Account and deposited the funds into the Huntington Bank Account.

48.     On information and belief, the $121,000 deposit was the first deposit made into the newly created Huntington Bank Account.

49.     On information and belief, a significant amount of the Overpayment was further subsequently manually transferred to other accounts held in the name of Solutions Contractor and/or Jaramillo or Pomarico and/or used by Defendants to make payments for goods, services, or to pay down debt.

50.     After detecting the Overpayment error, Avis made several oral and written demands to Jaramillo and Pomarico, seeking return of the Overpayment.

51.     On one such occasion, Chris Dale ("Dale"), Territory Performance Manager for Avis, contacted Pomarico, who was involved in the accounting aspects of Car Rentals, informed her of the error, and demanded return of the Overpayment. Pomarico responded to the effect that she would talk to the "accountant" and get back to Dale. Pomarico never thereafter contacted Dale or anyone else at Avis about the Overpayment.

52.     On or about August 11, 2017, Avis contacted JPMorgan Chase (through which it had made the erroneous direct deposit) and attempted to reverse the transaction. However, the

recall transaction was rejected due to insufficient funds in the Solutions Contractor/SunTrust Payroll Account.

53.     On August 15, 2017, Avis sent a letter both to the Car Rentals Facility and to Jaramillo and Pomarico's home, by overnight delivery and regular mail.

54.     A true and correct copy of the August 15 letter with its enclosures is attached as **Exhibit B**.

55.     The August 15 letter reiterated that the July 2017 Overpayment transaction was in error, reiterated that Car Rentals, Jaramillo, and/or Pomarico had no legal right to retain the Overpayment, stated that, to date, they had refused to return the Overpayment, and demanded that Jaramillo contact Avis and immediately effectuate a return of the Overpayment.

56.     On or about August 17, 2017, Avis personnel visited the Car Rentals Facility and spoke with Justin Gelber, an individual who worked at the Car Rentals Facility as an independent contractor of Car Rentals.

57.     Gelber informed the Avis personnel that he had not seen or spoken with Jaramillo for a few weeks, and had not spoken with Pomarico for several days. Gelber further informed Avis that all of Jaramillo's and Pomarico's personal property had been removed from the Car Rentals Facility several days before.

58.     While at the Car Rentals Facility, Avis personnel attempted to contact Jaramillo and Pomarico, but all calls were directed to voicemail, and Avis personnel were unable to leave messages as the mailboxes were full.

59.     Gelber also attempted to contact Jaramillo and Pomarico, but was also unsuccessful. Gelber noted that Jaramillo's and Pomarico's unresponsiveness was unusual and uncharacteristic of them both.

60.     As of August 31, 2017, the filing date of the initial Complaint in this case, no portion of the Overpayment had been returned to Avis by anyone, including Car Rentals, Solutions Contractor, Jaramillo, and/or Pomarico.

61.     Car Rentals, Solutions Contractor, Jaramillo, and/or Pomarico had no legal right to the Overpayment and continued to retain it in full despite numerous demands for its return, forcing Avis to file the instant lawsuit.

62.     Despite several payments made to Avis by Defendants beginning on September 14, 2017, Defendants still wrongfully retain a significant percentage of the Overpayment owned by Avis. To the extent that Defendants Jaramillo and Pomarico attempt to rely upon corporate forms establishing limited personal liability (including limited liability companies) to avoid liability to Avis, this Court should pierce and disregard any and all corporate forms and hold Jaramillo and Pomarico liable to the same extent as Car Rentals and Solutions Contractor.

## COUNT I
### (Attachment Pursuant to Ohio Rev. Code § 2715.01 *et seq.* – As to All Defendants)

63.     Avis incorporates Paragraphs 1-62 as if fully stated herein.

64.     Avis is the sole legal owner of the Overpayment funds.

65.     Defendants have no right, title, or interest in the Overpayment funds.

66.     Upon information and belief, given the Defendants' conduct in removing their personal effects and not appearing at work for an extended period of time, and given that the entirety of the Overpayment funds were immediately and manually transferred into other accounts held in the name of Solutions Contractor and/or Jaramillo or Pomarico or were otherwise spent or disposed of, the Defendants are about to remove property (the Overpayment), in whole or part, out of the jurisdiction of the court, with the intent to defraud Avis.

67.     Upon information and belief, given the Defendants' conduct in removing their personal effects and not appearing at work for an extended period of time, and given that the entirety of the Overpayment funds were immediately and manually transferred into other accounts held in the name of Solutions Contractor and/or Jaramillo or Pomarico or were otherwise spent or disposed of, the Defendants are about to convert property (the Overpayment), in whole or part, into money, for the purpose of placing it beyond the reach of Avis.

68.     Upon information and belief, given the Defendants' conduct in removing their personal effects and not appearing at work for an extended period of time, and given that the entirety of the Overpayment funds were immediately and manually transferred into other accounts held in the name of Solutions Contractor and/or Jaramillo or Pomarico or were otherwise spent or disposed of, the Defendants have assigned, removed, disposed of, or are about to dispose of, property, in whole or part, with the intent to defraud Avis.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants ABG Car and Truck Rentals, LLC, Solutions Contractor, Inc., Efrain A. Jaramillo, Jr., and Evelyn Pomarico, as follows:

A.      That this Court enter a judgment finding that (i) Avis is the sole legal and rightful owner of the Overpayment funds as described herein, and (ii) Defendants have wrongfully maintained possession of the Overpayment funds with the intent to defraud Avis or place the funds beyond the reach of Avis;

B.      That this Court issue an order pursuant to Ohio Rev. Code § 2715.01 et seq. attaching, with notice, such assets of the Defendants located within this State as will satisfy Avis's claims against them;

C.     That this Court order Defendants to pay Avis its costs and expenses incurred in and related to this action; and

D.     That this Court award such other further relief as this Court deems just and proper under the circumstances.

## COUNT II
**(Civil Theft Pursuant to Ohio Rev. Code §§ 2307.60, 2307.61 – As to All Defendants)**

69.     Avis incorporates Paragraphs 1-68 as if fully stated herein.

70.     Pursuant to the terms of the Contract, the only commission payment due Car Rentals in consideration for rental of its vehicles was 12% of the net total revenue (less certain deductions) derived from each rental, as well as 12% of refueling service revenue and prepaid gasoline, to be paid monthly into Car Rentals's designated bank account, the Solutions Contractor/SunTrust Payroll Account.

71.     Due to an accounting processing error, Avis on July 18, 2017 direct deposited into the Solutions Contractor/SunTrust Payroll Account $275,376.29 more than the commission payment Car Rentals was due for the period ending June 30, 2017.

72.     On July 19, 2017, the date the July 18 transaction cleared, Defendants manually transferred $280,000 from the Solutions Contractor/SunTrust Payroll Account to the Solutions Contractor/SunTrust Expense Account.

73.     Prior to July 18, 2017, Avis had paid Car Rentals all commissions due and owing under the terms of the Contract.

74.     Avis at all relevant times was the sole legal owner of the Overpayment funds, and remains the sole legal owner of the Overpayment funds.

75.     Defendants have no right, title, or interest in the Overpayment funds.

76.     Despite numerous oral and written demands by Avis for return of the Overpayment, including an August 15, 2017 written demand for full repayment sent to Jaramillo and Pomarico's home address, as well as the address of the Car Rentals Facility, Defendants failed to return any portion of the Overpayment until September 14, 2017, two weeks after the filing of the instant lawsuit.

77.     Defendants' September 14, 2017 payment constituted only a small percentage of the $275,376.29 Overpayment demanded.

78.     Defendants did not enter into a settlement agreement with Avis for full repayment within 30 days of the August 15, 2017, written notice, and to date still have not entered into a settlement agreement with Avis for full repayment.

79.     Defendants purposely and knowingly exerted control over the Overpayment in manually transferring the Overpayment the same day of deposit and on subsequent dates into separate accounts held under their control, and in further refusing to return the Overpayment despite numerous oral and written demands.

80.     Defendants' exertion of control over the Overpayment was and is beyond the scope of the express or implied consent of Avis and was done with the purpose of depriving Avis of its property in the amount of the Overpayment.

81.     As a direct and proximate result of Defendants' actions, Avis is entitled to damages in an amount three times the value of the Overpayment at the time of the theft offense.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants ABG Car and Truck Rentals, LLC, Solutions Contractor, Inc., Efrain A. Jaramillo, Jr., and Evelyn Pomarico, as follows:

A.    That this Court enter a judgment finding that (i) Avis is the sole legal and rightful owner of the Overpayment funds as described herein, and (ii) Defendants have knowingly and wrongfully exerted control over the Overpayment funds beyond the scope of the express or implied consent of Avis;

B.    That this Court award Avis damages pursuant to R.C. § 2307.61(A)(1)(b) in an amount three times the value of the Overpayment at the time of the theft offense;

C.    That this Court order Defendants to pay Avis its costs and expenses incurred in and related to this action; and

D.    That this Court award such other further relief as this Court deems just and proper under the circumstances.

### COUNT III
**(Conversion – As to All Defendants)**

82.    Avis incorporates Paragraphs 1-16, 29-30, 32, 34-35, 37-69, 72, 74-81 as if fully stated herein.

83.    Avis was at all relevant times the owner with the right of possession of the Overpayment funds, and remains the owner with the right of possession of the Overpayment funds.

84.    Defendants had knowledge they were not entitled to possession of the Overpayment funds, as, among other things, Avis made numerous written and oral demands for its return in full.

85.    Defendants have converted the Overpayment funds for their own use by refusing to return the Overpayment funds and by withdrawing all the funds from the Solutions Contractor/SunTrust Payroll Account and converting and using such funds for their own personal use.

86. By Defendants' refusal to return the funds and by withdrawing all of the funds and using such funds for their own purposes, Avis has sustained damages in the amount of the Overpayment.

87. Defendants' conduct in not returning the Overpayment and by converting such funds to their own uses was willful, wanton, and malicious, and thus, Avis is entitled to an award of punitive damages.

88. Avis has been forced to incur significant attorneys' fees and costs separate and apart from this litigation in its efforts to retrieve the Overpayment from Defendants.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants ABG Car and Truck Rentals, LLC, Solutions Contractor, Inc., Efrain A. Jaramillo, Jr., and Evelyn Pomarico, as follows:

A. That this Court enter a judgment finding that (i) Avis is the sole legal and rightful owner of the Overpayment funds as described herein, (ii) Defendants have wrongfully maintained possession of the Overpayment funds, and (iii) Defendants have improperly converted the Overpayment funds;

B. That this Court order Defendants to pay to Avis such damages as Avis has sustained as a result of Defendants' conversion of the Overpayment funds;

C. That this Court award to Avis punitive damages for Defendants' willful and wrongful conduct;

D. That this Court order Defendants to pay Avis its costs and expenses incurred in and related to this action;

E. That this Court order Defendants to pay Avis's attorneys' fees;

F.      That this Court order Defendants to pay as special damages Avis attorneys' fees and costs incurred separate and apart from this litigation in seeking recovery of the Overpayment; and

G.      That this Court award such other further relief as this Court deems just and proper under the circumstances.

## COUNT IV
### (Breach of Contract – As to Defendant Car Rentals)

89.     Avis incorporates Paragraphs 1-81 as if fully stated herein.

90.     Count IV (breach of contract) is pleaded in the alternative to Count III (conversion) and Count V (unjust enrichment).

91.     Avis and Defendant Car Rentals entered into a lawful written contract in which Avis agreed to pay Car Rentals a commission as set forth in the Contract in consideration for Car Rentals's agreement to rent vehicles for Avis.

92.     Avis fulfilled its obligations under the Contract by, *inter alia*, making all required commission payments up to and including the date of breach by Defendant Car Rentals.

93.     Car Rentals's refusal to return the July 2017 Overpayment was a breach of the Contract and a breach of the implied covenant of good faith and fair dealing.

94.     As a result of Car Rentals's refusal to return the Overpayment funds, Avis has been damaged in the amount of the Overpayment.

95.     Also as a result of Car Rentals's refusal to return the Overpayment funds, Avis has been forced to incur substantial costs and attorneys' fees in seeking return of the Overpayment from Defendants, including in the prosecution of this lawsuit, which are damages recoverable under Paragraph 10 of the Contract.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendant ABG Car and Truck Rentals, LLC as follows:

A.  That this Court enter a judgment finding that (i) Avis is the sole legal and rightful owner of the Overpayment funds as described herein, (ii) Defendant Car Rentals wrongfully maintained possession of the Overpayment funds, and (iii) Defendant Car Rentals breached its contract with Avis by retaining and using the Overpayment funds for its own purposes;

B.  That this Court order Defendant Car Rentals to pay to Avis such damages as Avis has sustained as a result of Defendant Car Rentals's breach of contract;

C.  That this Court order Defendant Car Rentals to pay Avis's attorneys' fees, pursuant to the Contract;

D.  That this Court order Defendant Car Rentals to pay Avis its costs and expenses incurred in and related to this action; and

E.  That this Court award such other further relief as this Court deems just and proper under the circumstances.

## COUNT V
### (Unjust Enrichment – As to All Defendants)

96.  Avis incorporates Paragraphs 1-16, 29-30, 32, 34-35, 37-69, 72, 74-88 as if fully stated herein.

97.  Count V (unjust enrichment) is pleaded in the alternative to Count IV (breach of contract).

98.  Avis conferred a benefit on Defendants by erroneously direct depositing the Overpayment funds into the Solutions Contractor/SunTrust Payroll Bank Account.

99.     Defendants are aware of the benefit as they have withdrawn and/or otherwise spent or disposed of the Overpayment funds for their own benefit and use.

100.    Retention of the Overpayment funds by Defendants would be unjust, as the deposit of the Overpayment funds into the Solutions Contractor/SunTrust Payroll Account was in error.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants ABG Car and Truck Rentals, LLC, Solutions Contractor, Inc., Efrain A. Jaramillo, Jr., and Evelyn Pomarico, as follows:

A.      That this Court enter a judgment finding that (i) Avis is the sole legal and rightful owner of the Overpayment funds as described herein, (ii) Defendants have wrongfully maintained possession of the Overpayment funds, and (iii) Defendants have been unjustly enriched in the amount of the Overpayment funds;

B.      That this Court impose a constructive trust over assets within the Defendants' possession for the benefit of Avis until such time as Avis has been made whole pursuant to the relief requested herein;

C.      That this Court order Defendants to pay to Avis such damages as Avis has sustained as a result of the unjust enrichment of Defendants by their possession of the Overpayment funds;

D.      That this Court order Defendants to pay Avis its costs and expenses incurred in and related to this action; and

E.      That this Court award such other further relief as this Court deems just and proper under the circumstances.

## COUNT VI
### (Tortious Interference with Contract –
### As to Defendants Jaramillo and Pomarico)

101.     Avis incorporates Paragraphs 1-100 as if fully stated herein.

102.     The Contract constituted an enforceable contract between Avis and Car Rentals.

103.     Jaramillo and Pomarico had knowledge of the existence of (and the terms of) the Contract.

104.     Car Rentals breached its contractual obligations to Avis, as alleged in Count III above.

105.     Jaramillo and Pomarico intentionally and unjustifiably induced or caused Car Rentals's breach of the Contract.

106.     Jaramillo and Pomarico acted with malice in inducing Car Rentals's breach.

107.     Car Rentals's breach of the Contract caused Avis damages in the forms and amounts alleged in Count IV, above.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants Efrain A. Jaramillo, Jr. and Evelyn Pomarico, as follows:

A.     That this Court enter a judgment finding that Defendants Jaramillo and Pomarico tortiously interfered with Avis's contract with Defendant Car Rentals;

B.     That this Court order Defendants Jaramillo and Pomarico to pay to Avis such damages as Avis has sustained as a result of the breach of Avis's contract with Defendant Car Rentals;

C.     That this Court order Defendants Jaramillo and Pomarico to pay to Avis such damages as Avis has sustained as a result of the premature termination of Avis's contract with Defendant Car Rentals;

D.      That this Court award to Avis punitive damages for Defendant Jaramillo's and Pomarico's willful and wrongful conduct;

E.      That this Court order Defendants Jaramillo and Pomarico to pay Avis its costs and expenses incurred in and related to this action; and

F.      That this Court award such other further relief as this Court deems just and proper under the circumstances.

## COUNT VII
### (Tortious Interference with Business Relations – As to Defendants Jaramillo and Pomarico)

108.    Avis incorporates Paragraphs 1-107 as if fully stated herein.

109.    Avis had an ongoing business relationship with Car Rentals in 2016 and 2017.

110.    Avis had a reasonable expectation that such business relationship with Car Rentals would continue.

111.    Jaramillo and Pomarico had knowledge of the existence of Avis's business relationship with Car Rentals.

112.    Jaramillo and Pomarico intentionally and unjustifiably induced or caused Car Rentals to take actions that disrupted and then terminated Avis's reasonable business expectancies with Car Rentals.

113.    Jaramillo and Pomarico acted with malice in interfering with Avis's reasonable business expectancies with Car Rentals.

114.    Jaramillo's and Pomarico's actions caused Avis damages, including financial loss in the amount of the Overpayment and in the loss of future revenue from the Car Rentals Facility.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants Efrain A. Jaramillo, Jr. and Evelyn Pomarico, as follows:

A.  That this Court enter a judgment finding that Defendants Jaramillo and Pomarico tortiously interfered with Avis's reasonable business expectancies with Defendant Car Rentals;

B.  That this Court order Defendants Jaramillo and Pomarico to pay to Avis such damages as Avis has sustained as a result of Jaramillo's and Pomarico's tortious interference with Avis's reasonable business expectancies with Defendant Car Rentals;

C.  That this Court order Defendants Jaramillo and Pomarico to pay to Avis such damages as Avis has sustained as a result of the premature termination of Avis's business relationship with Defendant Car Rentals;

D.  That this Court award to Avis punitive damages for Defendant Jaramillo's and Pomarico's willful and wrongful conduct;

E.  That this Court order Defendants Jaramillo and Pomarico to pay Avis its costs and expenses incurred in and related to this action; and

F.  That this Court award such other further relief as this Court deems just and proper under the circumstances.

**COUNT VIII**
**(Civil Conspiracy / Collusion –**
**As to Defendants Jaramillo and Pomarico)**

115.  Avis incorporates Paragraphs 1-114 as if fully stated herein.

116.  Upon information and belief, Defendants Jaramillo and Pomarico maliciously combined to deprive Avis of the Overpayment, to convert the Overpayment funds to their own

uses, and to tortiously interfere with Avis's contract and business relationship with Car Rentals, as alleged in the tort counts above, namely Counts III (conversion), VI (tortious interference with contract), and VII (tortious interference with business relations).

117.     Jaramillo's and Pomarico's malicious agreement and combination caused injury to Avis, as alleged in the tort counts above.

118.     Upon information and belief, Jaramillo and Pomarico each took an unlawful act independent of the conspiracy itself, including by taking one or more actions that would advance their common goal of depriving Avis of the Overpayment funds and using the Overpayment funds for their own purposes.

119.     By virtue of their conspiracy and collusion with one another, Jaramillo and Pomarico are each responsible for and liable for the actions of the other taken to advance the goal of their common agreement and conspiracy.

WHEREFORE, Avis Rent A Car System, LLC, respectfully requests that this Court enter judgment against Defendants Efrain A. Jaramillo, Jr. and Evelyn Pomarico, as follows:

A.      That this Court enter a judgment finding that Defendants Jaramillo and Pomarico engaged in a civil conspiracy to harm Avis's lawful interests;

B.      That this Court order Defendants Jaramillo and Pomarico to pay to Avis such damages as Avis has sustained as a result of Jaramillo's and Pomarico's civil conspiracy;

C.      That this Court award to Avis punitive damages for Defendant Jaramillo's and Pomarico's willful and wrongful conduct;

D.      That this Court order Defendants Jaramillo and Pomarico to pay Avis its costs and expenses incurred in and related to this action;

E.   That this Court order that Defendants Jaramillo and Pomarico are jointly and severally liable for any judgment rendered against either of them; and

F.   That this Court award such other further relief as this Court deems just and proper under the circumstances.

Dated:  December 12, 2017

Respectfully submitted,

By: *s/ Daniel J. Gentry*
                    Daniel J. Gentry (0065283)
                    COOLIDGE WALL CO., L.P.A.
                    33 W. First Street, Suite 600
                    Dayton, OH  45402
                    Phone:  937-223-8177
                    Fax:  937-223-6705
                    E-mail:  gentry@coollaw.com

*Trial Attorney for Plaintiff*
*Avis Rent A Car System, LLC*

OF COUNSEL:
Christian Poland (admitted *pro hac vice*)
Bryan Cave LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
Phone: 312-602-5000
Fax: 312-602-5050
E-mail: christian.poland@bryancave.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 12, 2017, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's E-filing system and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's system.

*s/ Daniel J. Gentry*
Daniel J. Gentry

w:\wdox\client\014562\00376\00916718.docx